# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**MATTHEW WOLFE,**
**DOC # K77810,**
**a.k.a HALCYON WOLFE,**

    **Plaintiff,**

**vs.**                                                       Case No. 4:21cv322-MW-MAF

**FLORIDA DEPARTMENT OF**
**CORRECTIONS,**
**and J. CORNIELS,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se in this civil rights action, submitted a civil rights complaint, ECF No. 1, to this Court on August 2, 2021, pursuant to 42 U.S.C. § 1983. Plaintiff expresses that she is a gender dysphoric inmate and prefers the use of feminine pronouns. *Id.* at 2. The Court will comply with her wishes.

Ms. Wolfe has not paid the filing fee for this case,[1] nor has she filed a motion requesting leave to proceed with in forma pauperis status. The Court need not wait for her to do so, however, because Ms. Wolfe acknowledges within the complaint that she has "3 strikes" from the United States District Court for the Middle District of Florida. *Id.* at 3.

Although Ms. Wolfe does not provide the case numbers, the Court takes judicial notice of the order of dismissal entered by United States District Judge Sheri Polster Chappell in case number 2:19cv00410-SPC-NPM. ECF No. 17 of that case. That order dismissed Ms. Wolfe's complaint both because it was insufficient to state a claim, and because Ms. Wolfe had "abused the judicial process." *Id.* Judge Chappell found that Ms. Wolfe had failed to acknowledge filing other cases in that court and that dismissal was an appropriate sanction. *Id.* The order of dismissal advised that the dismissal was "Plaintiff's 'third strike' under the three-strikes provision of 28 U.S.C. § 1915(g)." *Id.* at 4. Judge Chapell cited to case number 2:18cv00609 which was dismissed for failure to state a claim and case number 2:18cv00731 which was also dismissed for the same

---

[1] Notably, Ms. Wolfe stated within the complaint that she is "paying for this suit from [her] stimulus and [it] is the only money [she] will ever get in prison." ECF No. 1 at 5. The Clerk's Office has advised, however, that no fee has been paid.

reason. *Id.* at 3. In light thereof, and because Ms. Wolfe[2] has acknowledged her three prior "strikes," this case can only proceed pursuant to 28 U.S.C. § 1915(g) if her complaint demonstrates that she faces "imminent danger." Accordingly, her complaint, ECF No. 1, has been reviewed as required by 28 U.S.C. § 1915A.

Plaintiff Wolfe alleges that the Department of Corrections has an "ineffective and arbitrary grievance procedure." ECF No. 1 at 4. She complains that no efforts are made to correct grievance issues and, instead, reasons are fabricated to deny or return a grievance and ignore the issue attempted to be grieved. *Id.* Ms. Wolfe also contends that Defendant Corniels has fabricated a rule to deny her grievances and not let her have access to the law library. *Id.* at 4-5.

None of the factual allegations presented concern a claim that Plaintiff faces "imminent danger of serious physical injury" as required by 28 U.S.C. § 1915(g).[3] The allegations are about past harm, not future

---

[2] The Court has confirmed that Plaintiff Matthew Wolfe is the same person who filed the cases in the Middle District by comparing D.O.C. identification numbers.

[3] The statute provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless

harm, and do not involve physical injury to Plaintiff. As such, they are insufficient to permit Plaintiff to proceed in this case. Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999) (stating that "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis") (quoted in Jacoby v. Lanier, 850 F. App'x 685, 688 (11th Cir. 2021). This case should be dismissed without prejudice because Plaintiff did not submit the filing fee at the same time the complaint was submitted, and Plaintiff is not entitled to belatedly pay the filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." Id.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** to Plaintiff's refiling an action if Plaintiff simultaneously submits the $402.00 filing fee. It is also **RECOMMENDED** that the Order

---

the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Case No. 4:21cv322-MW-MAF

adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on August 3, 2021.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:21cv322-MW-MAF